## VOWELL v. JOHNSON. (No. 1930.)

(Court of Civil Appeals of Texas. El Paso. Nov. 18, 1926. Rehearing Denied Dec. 16, 1926.)

Venue &7—Action for breach of sales contract held properly brought in county where delivery was to be made (Rev. St. 1925, art. 1995, § 5).

Contract of sale of pullets, requiring payment before shipment and delivery in county where suit was brought, held contract to be performed in such county, within Rev. St. 1925, art. 1995, § 5, so that suit for breach of contract as to quality of pullets was properly brought in that county and defendant's plea of privilege to be sued in county of his residence was properly overruled.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Suit by C. L. Vowell against M. Johnson. Exceptions to controverting affidavit to plea of privilege were sustained, and plaintiff appeals. Reversed and remanded.

C. L. Vowell, of El Paso, for appellant.
Donald & Donald, of Bowie, for appellee.

PELPHREY, C. J. This suit was instituted by appellant against appellee in El Paso county, Tex. Appellant alleged in his petition his residence in El Paso county, Tex., and the residence of appellee as being in Montague county.

Appellant also alleged that a contract was entered into between the parties, whereby appellant was to buy 500 pullets from appellee of a certain kind and character; that the contract was made by correspondence and was to be performed in El Paso county; that appellee fraudulently misrepresented the kind and character of the pullets, and that the pullets delivered were worthless for the purpose for which he had informed appellee he desired them; that the pullets furnished by appellee were diseased at the time they were shipped by appellee, and that 315 of them had died from said disease subsequent to their receipt by appellant; that appellant had placed said 500 pullets in the same run with other chickens belonging to him, and that they had become infected with the same malady, and that 2,000 of his chickens had died therefrom; that, if the said 500 pullets had been as they were represented by appellee, he would have made an actual profit of $2,000.

Appellant prayed for damages in the sum of $1,040, being the price paid by him and express on the pullets from Bowie to El Paso, $118 for medicine purchased by appellant with which to treat the diseased pullets, $2,000 loss of profits, and $2,000 for the destruction of his chickens resulting from the disease communicated to them by the pullets purchased from appellee.

Appellee filed a plea of privilege to be sued in Montague county, and appellant filed an affidavit controverting the same. Appellee filed exceptions to the controverting affidavit which were sustained by the court, and from that order this appeal was perfected.

The order of the court reads as follows:

"On this the 24th day of November, 1925, came on for hearing the above cause on the plea of privilege filed by defendant and the controverting affidavit thereto filed by the plaintiff, and thereupon the court heard the exceptions filed by the defendant to the sufficiency of the controverting affidavit and the court, after having read said plea of privilege, the controverting affidavit thereto, and the exceptions of the defendant to said controverting affidavit, and having heard cited the authorities and the law applicable thereto, as well as argument of counsel, finds that the law is with the defendant and that the petition and controverting affidavit of plaintiff herein set up no cause of action which would place the jurisdiction in this court, which is not a court of

the county of defendant's residence, and therefore orders that said cause be transferred to the district court of Montague county, Tex., and it is so ordered."

The first paragraph of appellant's controverting affidavit reads as follows:

"Now comes C. L. Vowell, plaintiff in the above styled and numbered cause, and controverting the plea of privilege filed by the defendant in this cause on the 28th day of October, A. D. 1925, upon oath, says that he does not deny that the defendant resides in Montague county, Tex., but, on the other hand, alleges in his petition such residence, but says that the contract entered into by and between the plaintiff and defendant was in writing and was to the nature and tenor as set out in plaintiff's original petition, and that the allegations set out in said petition are true, and further says that the defendant entered into a written contract with the plaintiff by letter in which the defendant agreed to deliver on or about September, 1925, 500 pullets, at El Paso, Tex., for the amount and sum alleged in said petition, and required the plaintiff to pay in full said price alleged in said petition before shipment was made, and that said pullets were to be of a class which he designated as special mating, which was that they were to be produced by hens of not less than a 200 egg record per year, and from males whose dams produced not less than 300 eggs per year. Plaintiff says that this contract was to be performed in El Paso county, Tex., and that the defendant breached said contract in El Paso county, Tex., in that he did not send the grade of pullets which defendant agreed to send and did not send healthy pullets, but sent pullets that were diseased, and that the pullets so sent were worthless."

It is our opinion that these allegations are sufficient to show a contract to be performed in El Paso county, Tex., and that, under the provisions of article 1995, section 5, Revised Civil Statutes 1925, the suit was properly brought in El Paso county, Tex.

Whether or not appellant would be able to sustain such allegations by proof, we are unable to say, as no evidence was admitted in the instant case; but we are of the opinion that the honorable trial court was in error in holding the petition and controverting affidavit to be insufficient, and the case is therefore reversed and the cause remanded.

Reversed and remanded.